IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY LEVELT BURNSIDE,

    Plaintiff,

v.                                                                     Civ. No. 23-167 GBW

MONARCH REAL ESTATE CORP., *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**
**ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case (*Doc. 1*), filed February 24, 2023, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*Doc. 4*), filed March 30, 2023 ("Original Application"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*Doc. 6*), filed April 5, 2023 ("Corrected Application").

    A. **Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . .." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Corrected Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,472.00; (ii) Plaintiff's monthly expenses total $7,290.00; (iii) Plaintiff has $0.13 in cash and no money in bank accounts; and (iv) Plaintiff has two sons who rely on him for support. *See doc. 6*. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses exceed his low monthly income. Because the Court is granting Plaintiff's Corrected Application, the Court denies Plaintiff's Original Application as moot.

B. **The Complaint**

This case arises from Plaintiff's attempt to rent a property from Defendant Monarch Real Estate Corporation ("Monarch") and Plaintiff's eviction from another property he rented from Monarch. *See doc. 1* at 10-18. Defendant Berglund is the "owner" of Monarch. *Id.* at 2. Defendant Marrujo is an "agent" of Monarch. *Id.* Defendant Madrid is the judge that presided over the eviction proceeding in state court. *See id.* at 2, 16. Plaintiff also names "Danny #12" and "Yvette#11 & ten[an]t who occupied unit 11 now to date 07-2019" as Defendants. *See id.* at 9.

The Complaint alleges the following regarding Defendant Monarch: (i) Defendant Monarch "doesn't [l]ike the color of my skin;" (ii) Plaintiff's family was the only Black family renting from Monarch for six years; (iii) "Monarch's policy is not to rent two units at once;" (iv) "Monarch Real Estate filed an eviction for nonpayment of rent" in "retaliation to me for exercising my right in a court of law [to recover Plaintiff's $500 payment];" (v) units were still available for rent; (vi) Monarch refused to rent the unit to Plaintiff; (vii) Monarch never acknowledged that it had Plaintiff's $500. *Id.* at 6, 10-14.

The factual allegations regarding Defendant Berglund state: (i) "Brad made offer to me rent unit 1;" (ii) "Bradley Berglund . . . made a bona fide offered to rent unit one;" and (iii) "Defendant Mr. Burglund [sic] had stopped by Plaintiff Mr. Burnside resident

3

and stated: 'He had spoken to Mr. Marrujo and Mr. Marrjuo [sic] said he still had the 500 dollar money order' [and] Mr. Burglund [sic] said I could go get the key." *Id.* at 5, 10, 12.

The factual allegations regarding Defendant Marrujo state: (i) "Mr. Marrujo, agent informed me there were no vacancies and Monarch[']s policy is not to rent two units at once and was unaware of a $500.00 [payment by Plaintiff]; (ii) "And then having . . . Mr. Marrujo say he had no knowledge of a money order when contacting Defendant Mr. Marrujo about the key and lease Defendant Mr. Marrujo informed Plaintiff Mr. Burnside there was no vacancy and he was not aware of any 500 dollar money order;" (iii) "Mr. Marrujo continues to deny that he ever saw or had knowledge of the 500.00 dollars . . . both times under oath lied to courts . . . never once has . . . Marrujo, agent acknowledged that he did indeed have my 500.00 dollars;" (iv) "Adam Marrjuo [sic], agent filed non-payment of rent on me the five years at the time I have never been late with the rent;" (v) "Mr. Marrjuo [sic], agent told the judge I was the only one he was having issues with paying the rent;" (vi) "Adam Marrujo, and agent are bullying me and my family;" (vii) "Adam Marrujo, agent . . . said they would wait for payment then on 10/26/22 . . . we were served with eviction . . . Marrjuo [sic] knew we were working on the ERAP [Emergency Rental Assistance Program] program. He still filed eviction on us." *Id.* at 10-11, 13-15.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1982; the Fair Housing Act, *see* 42 U.S.C. § 3601 *et seq.*; the Coronavirus Relief Fund Statute, *see* 42 U.S.C. § 801 *et seq.*; and state law regarding owner-resident relations.   *See id.* at 3, 10, 12.

    a.  <u>42 U.S.C. § 1983</u>

The Complaint fails to state a claim against Defendants Monarch, Berglund and Marrujo pursuant to 42 U.S.C. § 1983.   "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).   There are no factual allegations that Defendants Monarch, Berglund or Marrujo were acting under color of state law.

    b.  <u>42 U.S.C. § 1982 Property rights of citizens and 42 U.S.C. §§ 3601 *et seq.* of the Fair Housing Act</u>

Section 1982 Property rights of citizens states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.   The Fair Housing Act makes it unlawful:

> **(a)** To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

5

> **(b)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
>
> **(c)** To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(a)-(c).

> It is no defense under Section 1982 or under the Fair Housing Act that racial animus was not a defendant's sole reason for denial of housing. Plaintiff need only prove that race was one significant factor in defendant's dealings with them in order to establish a violation of the Fair Housing Act.

*Woods-Drake v. Lundy*, 667 F.2d 1198, 1202 (5th Cir. 1982). The Complaint fails to state a claim against Defendants because there are no factual allegations that suggest Plaintiff's race, color, religion, sex, handicap, familial status, or national origin, was a factor that motivated Defendants Monarch, Berglund, and Marrujo's actions. Plaintiff makes the conclusory allegation that Defendant Monarch "doesn't [l]ike the color of my skin," *see doc. 1* at 6, but does not allege any facts to support that allegation, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

Plaintiff's statement that Plaintiff's family was the only Black family renting from Monarch for six years, by itself, does not indicate that Plaintiff's race or color was a factor in Defendants' dealings with Plaintiff.

      c.   Coronavirus Relief Fund Statute 42 U.S.C. § 804(a)

Plaintiff alleges that Defendant Berglund "did violate 42 U.S.C. 804(a) made a bona fide offered to rent unit one with these emails." *Doc. 1* at 10.   The statute cited by Plaintiff states:

> In addition to amounts otherwise available, there is appropriated for fiscal year 2021, out of any money in the Treasury not otherwise appropriated, $10,000,000,000, to remain available until expended, for making payments to States, territories, and Tribal governments to carry out critical capital projects directly enabling work, education, and health monitoring, including remote options, in response to the public health emergency with respect to the Coronavirus Disease (COVID-19).

42 U.S.C. § 804(a).   The Complaint fails to state a claim that Defendant Berglund violated the provision of the Coronavirus Capital Projects Fund cited by Plaintiff because there are no factual allegations indicating Defendant Berglund violated 42 U.S.C. § 804(a).   Conclusory allegations, such as "Defendant did violate 42 U.S.C. 804(a)," are not sufficient to state a claim.   *See Hall*, 935 F.2d at 1110 (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

d. Defendant Madrid

The Complaint fails to state a claim against Defendant Madrid, the judge who presided over the eviction proceeding in state court. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating a broad immunity rule that a "judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority").

e. Defendants "Danny #12" and "Yvette#11 & ten[an]t who occupied unit 11 now to date 07-2019"

The Complaint fails to state a claim against Defendants "Danny #12" and "Yvette#11 & ten[an]t who occupied unit 11 now to date 07-2019" because there are no factual allegations regarding "Danny #12" and "Yvette#11 & ten[an]t who occupied unit 11 now to date 07-2019." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

C. **Proceeding** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines

8

that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.") (citation omitted).

While many of the claims in the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.  If Plaintiff files an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

### D. Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d).  The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has

subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

### E. Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022), available at https://www.nmd.uscourts.gov/representing-yourself-pro-se.  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:   http://www.nmd.uscourts.gov.

### F. Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.   *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." (quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994))).   Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).   Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Corrected Application to Proceed in District Court Without Prepaying Fees or Costs (*Doc. 6*), filed April 5, 2023, is **GRANTED.**

(ii)   Plaintiff's Original Application to Proceed in District Court Without Prepaying Fees or Costs (*Doc. 4*), filed March 30, 2023, is **DENIED as moot.**

(iii)   Plaintiff shall, **within 21 days of entry of this Order**, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of the claims as discussed above.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE