IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY LEVELT BURNSIDE,

        Plaintiff,

v.                                  No. 2:23-cv-00167-DHU-GBW

MONARCH REAL ESTATE CORP.,
BRADLEY BERGLUND, and
ADAM MARRUJO,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case arises from Plaintiff's attempt to rent a property from Defendant Monarch Real Estate Corporation ("Monarch") and Plaintiff's eviction from another property he rented from Monarch. *See* Complaint for a Civil Case at 10-17, Doc. 1, filed February 24, 2023. Plaintiff is proceeding *pro se*. Defendant Berglund is the "owner" of Monarch. Complaint at 2. Defendant Marrujo is an "agent" of Monarch. Complaint at 2. Plaintiff alleged that Monarch "doesn't like the color of my skin," refused to rent an apartment to Plaintiff and retaliated against Plaintiff by evicting Plaintiff after Plaintiff sued Monarch in state court. *See* Complaint at 6, 10-14. Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 Civil action for deprivation of rights, 42 U.S.C. § 1982 Property rights of citizens, the Fair Housing Act 42 U.S.C. §§ 3601-3831, the Coronavirus Relief Fund Statute 42 U.S.C. §804(a), and state law regarding owner-resident relations. *See* Complaint at 3, 10, 12.

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff that the Complaint failed to state a claim against Defendants Monarch, Berglund and Marrujo pursuant to 42 U.S.C. § 1983 because there are no factual allegations that Defendants Monarch, Berglund and

Marrujo were acting under color of state law.  *See* Order for Amended Complaint at 5, Doc. 7, filed May 16, 2023 (stating "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law.") (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)).  Judge Wormuth also explained that the Complaint fails to state a claim against Defendants pursuant to 42 U.S.C. § 1982 and the Fair Housing Act because there are no factual, non-conclusory allegations that suggest Plaintiff's race, color, religion, sex, handicap, familial status, or national origin, were factors that motivated Defendants Monarch, Berglund and Marrujo's actions.  *See* Order for Amended Complaint at 5-7.  Judge Wormuth ordered Plaintiff to file an amended complaint after stating:

> Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").  While many of the claims in the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

Order for Amended Complaint at 8-9, 11.

The Amended Complaint asserts claims pursuant to the Fair Housing Act's prohibition against discrimination in the sale or rental of housing "because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(a), and state-law claims pursuant to New Mexico Uniform Owner-Resident Relations Act's prohibition against owner retaliation, N.M.S.A. § 47-8-39.  *See* Doc. 8, filed June 6, 2023.

The Court dismisses Plaintiff's claims against Defendants pursuant to the Fair Housing Act for failure to state a claim because there are no factual allegations that suggest Plaintiff's race,

color, religion, sex, handicap, familial status, or national origin, were factors that motivated Defendants' actions.  *See* 28 U.S.C. 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted").

Having dismissed Plaintiffs' federal law claims, the Court declines to exercise jurisdiction over Plaintiff's state-law claims and dismisses the state-law claims without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"). Because it has dismissed all of Plaintiffs' claims, the Court dismisses this case.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**

3